UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID EVERETT PROFFITT,                      )<br>                                                               )<br>                   Plaintiff,                  )<br>                                                               )<br>          v.                                            )<br>                                                               )<br>INDIANA DEPT OF CORRECTIONS,       )<br>SAVINO,                                                )<br>CORIZON,                                            )<br>WEXFORD,                                           )<br>WENDY KNIGHT,                                  )<br>C. HUFFORD,                                        )<br>                                                               )<br>                   Defendants.             ) | No. 1:23-cv-01496-JPH-TAB |

**ORDER SCREENING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE**

David Proffitt, who is in Indiana Department of Correction (IDOC) custody, brought this 42 U.S.C. § 1983 action alleging that the defendants were deliberately indifferent to his serious medical needs while he was in custody at the Correctional Industrial Facility in Pendleton, Indiana. His amended complaint is the operative complaint in this action. Because Mr. Proffitt is incarcerated the Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether a complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Proffitt names five defendants in the amended complaint: (1) Wendy Knight; (2) Dr. Savino; (3) Corizon; (4) C. Hufford; and (5) Wexford.

Mr. Proffitt is currently in custody at Westville Correctional Center, but his claims are based on events that occurred at Correctional Industrial Facility in Pendleton, Indiana. Dkts. 1; 22.

In 2015, Mr. Proffitt began experiencing pain in his foot, leg, and back. At that time, Corizon was the medical provider who contracted with the IDOC to provide medical services to inmates. Dkt. 22 at 2. Mr. Proffitt notified Corizon employees of his condition, but they did not provide him appropriate treatment. *Id.* Dr. Savino became "rude and hateful" to Mr. Proffitt and later had him transferred to another prison based on what Mr. Proffitt believes was "a false medical situation." *Id.*

In 2017, Wexford took over the contract to provide medical services to IDOC inmates. C. Hufford, a Wexford employee, did not acknowledge the seriousness of Mr. Proffitt's condition. *Id.*

Mr. Proffitt eventually underwent spinal surgery, but he has not regained all the feeling in his foot and leg. *Id.* at 3. Someone told him that he should have had surgery sooner and the delay made his condition worse.

For two years after the surgery, the IDOC failed to provide Mr. Proffitt with a follow-up appointment. Mr. Proffitt's pain and nerve problems grew worse during this time. *Id.* At the follow-up appointment in May 2022, a specialist informed Mr. Proffitt that he needed foot surgery. *Id.* He has yet to receive the surgery. *Id.* at 4.

Mr. Proffitt contends that the defendants were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment. *Id.* at 5. He further alleges that Dr. Savino and C. Hufford were negligent under Indiana law. He seeks injunctive relief and damages. *Id.* at 6.

### III. Discussion of Claims

#### A. Claims to be Dismissed

Mr. Proffitt has failed to state a claim upon which relief may be granted against either Corizon or Wexford. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc.*

3

*Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff "must identify an action taken by the municipality, the requisite degree of culpability, and a causal link between the municipality's action and the deprivation of federal rights. A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (cleaned up). Mr. Proffitt has failed to identify any Corizon or Wexford policy, practice, or other corporate action that caused his alleged constitutional injuries.

Mr. Proffitt also has failed to state a claim upon which relief may be granted against Wendy Knight. Prison officials are liable under 42 U.S.C. § 1983 only if they were personally involved in causing a constitutional injury. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Mr. Proffitt does not allege that Warden Knight was personally involved in Mr. Proffitt's medical care or otherwise contributed to his alleged constitutional injuries.

All claims against Wexford, Corizon, and Wendy Knight are therefore **DISMISSED** for failure to state a claim upon which relief may be granted. The **clerk is directed** to terminate these defendants on the docket. Additionally, the amended complaint does not list the Indiana Department of Correction as a defendant, and **the clerk is directed** terminate them as a defendant on the docket.

Additionally, any claim for injunctive relief is **DISMISSED** as moot. Mr. Proffitt does not allege that any defendant is responsible for his ongoing medical care. The individual defendants are all staff or medical providers at

4

Correctional Industrial Facility, but Mr. Proffitt is no longer in custody at that facility. Wexford and Corizon are no longer contracted to provide medical services to IDOC inmates. None of these defendants have any power to provide the injunctive relief Mr. Proffitt seeks.

### B.     Statute of Limitations

Mr. Proffitt has alleged sufficient facts to state Eighth Amendment and negligence claims against Dr. Savino and C. Hufford. Dkt. 22 at 5. However, these claims appear to be subject to dismissal as untimely.

"[I]n § 1983 actions, federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place. In Indiana, such claims must be brought within two years." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (citation omitted). For § 1983 actions, the claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 591.  Similarly, for medical malpractice claims in Indiana, the two-year statute of limitations accrues when "a claimant either knows of the malpractice and resulting injury, or learns of facts that, in the exercise of reasonable diligence, should lead to the discovery of the malpractice and the resulting injury." *David v. Kleckner*, 9 N.E.3d 147, 152–53 (Ind. 2014).

The Court takes judicial notice of the records in Mr. Proffitt's prior case in this Court, *Proffitt v. Jackson*, 1:19-cv-2906-JPH-TAB. Mr. Proffitt was incarcerated at Pendleton Correctional Industrial Facility when he brought that case in July 2019. *Proffitt v. Jackson*, 1:19-cv-2906-JPH-TAB, dkt. 1. But he

5

later filed a notice explaining that he had been transferred to a different facility on July 10, 2020. *Proffitt v. Jackson*, 1:19-cv-2906-JPH-TAB, dkt. 35. Additionally, most of the mail the Court received from Mr. Proffitt after that date contained Miami Correctional Facility on the return address. *See, e.g., Proffitt v. Jackson*, 1:19-cv-2906-JPH-TAB, dkt. 29-2 (envelope postmarked September 16, 2020); dkt. 30-1 (October 5, 2020); dkt. 38-1 (January 4, 2021).

Mr. Proffitt's Amended Complaint states that he began having pain in his foot, leg, and back in 2015. Dkt. 22 at 2. First, he was ignored by the staff; then, his doctor got "rude and hateful toward [him]" and tried to transfer him to another facility; and finally, Mr. Proffitt noticed that his leg was getting smaller. *Id.* at 2-3. At this point, Mr. Proffitt knew or had reason to know of the injury that is the basis of the action here.

Additionally, the continuing harm doctrine does not change the statute of limitations analysis. After Mr. Proffitt left Correctional Industrial Facility in Pendleton, the staff at that facility were no longer involved in his medical care. Accordingly, at the latest, the statute of limitations for claims against Dr. Savino and C. Hufford began to run on the date of his transfer. *See Shorter v. Hendrix*, 2:20-cv-657-JPH-DLP, 2021 WL 4287355 (S.D. Ind. Sept. 21, 2021) ("[I]f Mr. Shorter had remained in the same facility for the entire period, the continuing harm doctrine might have allowed him to bring his claims for the entire period. But when Mr. Shorter was transferred from WVCF to PCF, any harm that the WVCF defendants were alleged to have caused ended."). *Cf. Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517–18 (7th Cir. 2019) (applying Illinois law)

(observing that doctor's resignation triggered accrual date because his "involvement in the alleged wrong [was] over" after his departure from the institution).

Based on a transfer date of July 10, 2020, Mr. Proffitt's deadline to file any claim against medical staff at Correctional Industrial Facility was July 10, 2022. But Mr. Proffitt did not file his complaint in this action until January 11, 2023. The complaint is therefore more than six months untimely and subject to dismissal based on the statute of limitations.

Therefore, the Amended Complaint is dismissed because it is more than six months untimely and subject to dismissal based on the statute of limitations.

Mr. Proffitt shall have **through November 7, 2023**, to show cause why this action should not be dismissed as untimely. If he fails to show cause by the above deadline, the action shall be dismissed without further notice or opportunity to show cause.

To the extent Mr. Proffitt believes his current medical care is unconstitutional or otherwise unlawful, nothing in this Order will prevent Mr. Proffitt from bringing suit against any individuals or entities that are currently responsible for his medical care.

### IV. Summary

Mr. Proffitt's claims against Wexford, Corizon, and Wendy Knight are therefore **DISMISSED** for failure to state a claim upon which relief may be granted. Additionally, any claim for injunctive relief is **DISMISSED** as moot.

7

The **clerk is directed** to terminate the Indiana Department of Correction, Wexford, Corizon, and Wendy Knight as defendants on the docket.

Mr. Proffitt shall have **through November 7, 2023**, to show cause why this action should not be dismissed as untimely.

**SO ORDERED.**

Date: 10/12/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID EVERETT PROFFITT
117703
Westville Correctional Facility
5501 South 1100 West
Westville, IN 46391